CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 5 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERRICK M. CARTER,<br>Plaintiff, | ) ) ) | Civil Action No. 7:09-cv-00428 |
| v. | ) ) ) | MEMORANDUM OPINION |
| SGT. WOLKOWICZ, et al.,<br>Defendants. | ) ) ) | By: Hon. James C. Turk<br>Senior United States District Judge |

Derrick M. Carter, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names three correctional officers at the Central Virginia Regional Jail ("Jail") as defendants. Plaintiff alleges that the defendants violated due process by finding him guilty of possession of tobacco and ordering him to serve twelve days in punitive segregation. This matter is before the court for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. Jail staff searched plaintiff's cell and allegedly found tobacco in a cup. Staff asked plaintiff if he wanted to claim the cup and tobacco as his, but plaintiff declined. However, Jail staff subsequently charged plaintiff with possessing contraband and held a disciplinary hearing. Plaintiff argued that he should be found innocent because the tobacco was not produced at the hearing. The hearing officer found plaintiff guilty, and plaintiff signed the wrong line on the hearing form, signing where a defendant accepts the sentence instead of signing to authorize an appeal. Jail staff subsequently moved plaintiff to segregation for twelve days. Plaintiff requests as relief removal of the recorded charge and a penalty to the officer for filing a false charge.

II.

The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the resulting loss of property or a protected liberty interest, such as earned good conduct time. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64.

However, an inmate is only entitled to these procedural protections when the conviction results in the loss of statutory good time credits or where some other liberty or property interest is at issue. Id. Plaintiff does not allege that his disciplinary conviction resulted in the loss of statutory good time credits or property, and thus, plaintiff was not entitled to Wolff's procedural protections at his disciplinary hearing. Although inmates have a right to be free of arbitrary punishment, Howard v. Smyth, 365 F.2d 428 (4th Cir. 1966), a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Moreover, an inmate does not have a constitutional right to be placed in a specific security classification, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Plaintiff's penalty clearly does not exceed a sentence in such an extreme way as to give rise to the protection of the Due Process Clause by its own force. See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does any increase in plaintiff's security classification constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because plaintiff has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Therefore, plaintiff fails to allege any facts giving rise to a constitutional claim under § 1983. Accordingly, the court dismisses the complaint for failing to state a claim upon which relief may be granted.

III.

For the foregoing reasons, the court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 5th day of January, 2010.

/s/ James C. Turk
Senior United States District Judge